Concurring opinion filed by Circuit Judge TATEL, with whom Senior Circuit Judge GINSBURG joins. ’
TATEL, Circuit Judge:
Appellant John Bowman alleges that five Internal Revenue Service (IRS) employees barred him from representing taxpayers before the Service without due process in violation of the Fifth Amendment. He seeks damages under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district court dismissed the case, concluding that the Internal Revenue Code’s remedial scheme for tax practitioners foreclosed a Bivens action. Without reaching that issue, we affirm on the alternative ground that Bowman has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because his complaint contains no allegation that Defendants deprived him of a constitutionally protected interest.
I.
The Internal Revenue Service recognizes four primary groups of individuals who prepare tax returns: certified public accountants (CPAs), lawyers, enrolled agents, and unenrolled preparers (“tax preparers”). See 31 C.F.R. § 10.8(a); American Institute of Certified Public Accountants v. IRS, 804 F.3d 1193, 1194-95 (D.C. Cir. 2015). CPAs, lawyers, and enrolled agents must be licensed, while tax preparers are “subject to less stringent regulation.” American Institute, 804 F.3d at 1195. This case concerns a tax preparer.
As of 2005, IRS regulations permitted the first three of these groups — all but tax preparers — to “practice before the IRS.” See 31 C.F.R. §§ 10.2(d)-(e), 10.3(a)-(c) (2005). The regulation then governing practice before the IRS, Circular 230, defined these groups as “practitioners” and permitted them to act in “all matters connected with a presentation to the [IRS] or any of its officers or employees relating to a taxpayer’s rights, privileges, or liabilities,” including through “filing documents,” “corresponding ... with the IRS,” and “representing a client at conferences.” Id. §§ 10.2(d) — (e), 10.3. Tax preparers, by contrast, could obtain only “limited practice” authorization, which allowed them to represent taxpayers before certain line officers of the IRS, excluding “appeals officers, revenue officers, Counsel or similar officers or ' employees.” Id. § 10.7(c)(l)(viii).
In 2011, “after an IRS review found problems in the tax-preparation industry,” the Service issued a new rule governing tax preparers. Loving v. IRS, 742 F.3d 1013, 1015 (D.C. Cir. 2013) (citing Regula *1037 tions Governing Practice Before the Internal Revenue Service, 76 Fed. Reg. 32,286 (June 3, 2011)). That rule created a new category of “registered tax preparers,” who counted as “practitioners” obligated to “register with the IRS by paying a fee and passing a qualifying exam.” Id.; see 31 C.F.R. §§ 10.2(a)(5), 10.3(f), 10.4(c), 10.5(b) (2011). Under the rule, and except as otherwise prescribed, only attorneys, CPAs, enrolled agents, and registered tax preparers could “for compensation prepare!] or assist! ] with the- preparation of all or substantially all of a tax return or claim for refund.” 76 Fed. Reg. at 32,291; see 31 C.F.R. § 10.8(a) (2011); see also 26 C.F.R. § 301.7701-15 (2009) (“A tax return preparer is any person who prepares for compensation, or who employs one or more persons to prepare for compensation, all or a substantial portion of any return of tax or any claim to refund of tax under the Internal Revenue Code.”). This court invalidated these regulations in Loving v. IRS, holding that tax-return preparers fall outside the IRS’s statutory authority to regulate “ ‘the practice of representatives of persons before the Department of the Treasury.’ ” 742 F.3d at 1015 (quoting 31 U.S.C. § 330(a)(1)).
Enter appellant John Bowman. While working as a tax preparer in June 2005, he pleaded guilty to mail fraud, wire fraud, and money laundering, and was sentenced to fifty-seven months’ incarceration. He began serving his sentence in August 2005.
Three months later, while Bowman was still in prison, Defendant Kimberly Iddon, an IRS Revenue Agent, submitted a report of Bowman’s suspected misconduct to the IRS Office of Professional Responsibility (OPR). The form on which Iddon submitted the report required her to identify whether Bowman was an attorney, CPA, enrolled agent, or enrolled actuary. Though Bowman had never been an enrolled agent, Iddon erroneously identified him as one, citing “personal knowledge” and attaching newspaper articles on Bowman’s prosecution. Bowman Mot. for Summ. J. at 21. None of those articles, however, identify Bowman as an enrolled agent, and Iddon never searched the IRS’s records to confirm Bowman’s status.
A few weeks later, Iddon faxed Bowman’s IRS Centralized Authorization File to an OPR paralegal. Although the space on the form for “Enrollment Number” is empty, someone handwrote the words “Enrolled Agent” at the bottom of the page. Bowman Mot. for Summ. J. at 35. An IRS official who has since searched the agency’s records reports that she “did not find any record indicating that [Bowman] was authorized to practice before the IRS as an enrolled agent.” Rogers Decl. at 1.
OPR nonetheless initiated disciplinary proceedings to suspend Bowman from doing what, as a tax preparer, he had no authority to do: practice before the IRS. Due to a second mistake'by the IRS, Bowman received neither the complaint that initiated those proceedings nor an opportunity to correct the agency’s obvious error. Specifically, the Service mailed a copy of the complaint to his business address, even though the IRS knew Bowman was incarcerated and had forfeited his business property to the government as restitution. Unsurprisingly, the letter was returned undelivered.
A month later, OPR issued a “decision by default” suspending Bowman. Decision — Complaint No. XP-2006-067 at 1. That decision reads:
Effective this date, you are suspended from eligibility to practice before the Internal Revenue Service. Your suspension prohibits you from engaging in practice before the Internal Revenue Service as that term is defined in section 10.2(d) of Circular 230.
*1038 Repeating its earlier mistake, OPR sent the letter to Bowman’s former business address even though, as the IRS well knew, Bowman remained incarcerated and the previous letter had been returned undelivered.
The IRS then announced Bowman’s suspension in its quarterly bulletin, as well as on a website listing disciplinary actions for “Attorneys, Certified Public Accountants, Enrolled Agents, and Enrolled Actuaries.” See Internal Revenue Bulletin, 2006-18 I.R.B. 855, 869 (May 1, 2006). Defendant Karen Copeland, an OPR manager, emailed more than twenty people informing them that Bowman “ha[d] been suspended from practice before the [IRS] ” and “should not be recognized as a taxpayer’s representative.” Bowman Mot. for Summ. J. at 49-50. She provided the information for “dissemination throughout your organization as you deem appropriate.” Id. at 49.
Having left prison, and having received no correspondence from the IRS, Bowman learned of OPR’s disciplinary decision through a Freedom of Information Act request in September 2011. By this time, the IRS had promulgated the 2011 rule extending Circular 230 to tax preparers. So on November 30, 2012, Bowman filed a petition for reinstatement with OPR pursuant to Circular 230.
Two years later, after this court’s Loving decision invalidated the 2011 rule, the IRS responded to Bowman’s petition. Now recognizing that Bowman was not and had never been an enrolled agent, OPR sent him a letter dated November 3, 2014, informing him that “[a]ccording to the [IRS’s] Enrolled Agent database, you are not an Enrolled Agent.” Bowman Mot. for Summ. J. at 75. OPR went on to warn Bowman that “unless you currently possess a license under section 10.3 of Circular 230, you may not engage in full practice before the Internal Revenue Service.... ” Id. But OPR concluded by restoring Bowman’s “ability to engage in limited practice before the IRS, as defined in section 10.7 of Circular 230, by removing [his] name from the list of individuals currently barred from practice before the IRS.” Id.
In January 2014, Bowman, proceeding pro se, sued Iddon, Copeland, and three other IRS officials. He raised a single Bivens claim — that Defendants violated the Fifth Amendment by harming his reputation and business without due process— and sought compensatory damages, punitive damages, and costs. Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6) on a variety of grounds, including failure to state a claim and qualified immunity.
The district court granted Defendants’ motion to dismiss, concluding that Circular 230’s comprehensive remedial scheme governing practitioner discipline precluded any Bivens remedy, regardless of whether Bowman was an enrolled agent or unen-rolled preparer. Bowman v. Iddon, 138 F.Supp.3d 3, 8-9 (D.D.C. 2015). Bowman now appeals. In considering the issues before us, we have been ably assisted by court-appointed amicus.
II.
Amicus and Defendants focus their dispute on whether a Bivens remedy is available here. We have no need to address that question, however, because we affirm for an independent reason, namely that Bowman’s complaint “fail[s] to state a claim upon which relief can be granted.” Fed. R. Civ. P. 12(b)(6). Defendants raised this argument both in the district court and in their brief here, and amicus responded. See Jones v. Bernanke, 557 F.3d 670, 676 (D.C. Cir. 2009) (“[W]e may affirm a judgment on any ground the record supports, and that the opposing party had *1039 a fair opportunity to address.” (citations and internal quotation marks omitted)).
To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth “factual content that allows the court to draw the reasonable inference that the defendant is hable for the misconduct alleged.” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When considering'a Rule 12(b)(6) motion, we “accept[] as true all of the factual allegations contained in the complaint and draw[ ] all inferences in favor of the non-moving party.” Autor v. Pritzker, 740 F.3d 176, 179 (D.C. Cir. 2014) (citation and internal quotation marks omitted). Because Bowman filed pro se, his complaint “is to be liberally construed” and “must be held to less stringent standards than formal pleadings drafted by lawyers.” Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (internal quotation marks and citation omitted). We are not, however, limited to the complaint itself: we may consider Bowman’s pro se affidavits and exhibits, as well as public records subject to judicial notice. See Abdelfattah v. U.S. Department of Homeland Security, 787 F.3d 524, 529 (D.C. Cir. 2015) (drawing on pro se affidavits and exhibits); Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (drawing on “public records subject to judicial notice on a motion to dismiss”).
Bowman alleges that Defendants deprived him of the procedural due process guaranteed by the Fifth Amendment. “A procedural due process violation occurs when an official deprives an individual of a liberty or property interest without providing appropriate procedural protections.” Atherton v. District of Columbia Office of the Mayor, 567 F.3d 672, 689 (D.C. Cir. 2009). In his complaint, Bowman alleges a serious procedural defect, i.e., that he received neither notice of his suspension nor an opportunity to challenge it.
Bowman’s claim fails, however, because he identifies no constitutionally protected interest lost through Defendants’ actions. His complaint repeatedly identifies a property interest in his enrolled-agent status and then describes his Bivens claim in one sentence: “Because Plaintiff has not received the quantum of process he was due before being suspended indefinitely as an Enrolled Agent [he] has suffered damage to his reputation and business in perpetuity.” Compl. at 17. To enjoy a “property interest in a benefit,” however, Bowman must have a “legitimate claim of entitlement to it.” Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Yet he has disclaimed any claim of entitlement to enrolled-agent status. As he states in his affidavit, “At no time was I an Enrolled Agent (Practitioner).” Bowman Aff. at 1. Confirming the accuracy of that statement, the IRS’s official response to Bowman’s reinstatement petition informed him that he was “not an Enrolled Agent.” Bowman Mot. for Summ. J. at 75. Obviously, if Bowman never obtained enrolled-agent status, Defendants could not have deprived him of his interest in that status, however careless their actions.
Amicus argues that “Bowman’s claim involves ... the deprivation of his liberty interests in the ability to engage in his chosen profession as a tax preparer and in his reputation.” Amicus Br. 34. Indeed as amicus points out, we have recognized that “when the government formally debars an individual from certain work ..., there is a cognizable ‘deprivation of liberty that triggers the procedural guarantees of the Due Process Clause.’ ” Abdelfattah, 787 F.3d at 538 (quoting Trifax Corp. v. District of Columbia, 314 F.3d 641, 643-44 (D.C. Cir. 2003)). An individual may also bring a “stigma-plus” claim if the defendant has harmed the plaintiffs repu *1040 tation and “deprived [the plaintiff] of some benefit to which [the plaintiff has] a legal right.” General Electric Co. v. Jackson, 610 F.3d 110, 121 (D.C. Cir. 2010).
According to amicus, Bowman satisfies both of these theories of liability because “he has alleged injury to his liberty interest in pursuing his chosen profession as a tax preparer in addition to damage to his reputation.” Amicus Reply Br. 16. The argument goes like this: The IRS’s 2006 decision suspended Bowman from practice before the Service, and although at that time the suspension only prevented him from working as an enrolled agent, the Service later amended its regulations to permit only practitioners — including registered tax preparers — to prepare taxes. From then until our decision in Loving, amicus argues, the suspension barring Bowman from practicing before the IRS prohibited him from becoming a practitioner and thus from preparing taxes.
Amicus’s theory, clever as it is, appears nowhere in the complaint. Not once does Bowman allege that he was prevented from preparing taxes. Instead, he repeatedly refers to himself as an enrolled agent and links his harm to his enrolled-agent status. He alleges that “according to the IRS records” he “was an Enrolled Agent permitted to practice before the Internal Revenue Service.” Compl. at 2; see id. at 3 (similar). He claims that Defendants publicized the “universal suspension of Plaintiff, John J. Bowman, Jr. Enrolled Agent” by email and in a Bulletin listing “Attorneys, [CPAs], Enrolled Agents, and Enrolled Actuaries.” Id. at 6-7. Bowman argues that “[a]n enrolled agent (EA) ... is considered a property interest that triggers Fifth Amendment due process protection,” and that he “had a legitimate claim of entitlement” to the “benefits” associated with being an enrolled agent. Id. at 12-13; see Roth, 408 U.S. at 577, 92 S.Ct. 2701 (explaining that, to have a protected property interest in a benefit, an individual must “have a legitimate claim of entitlement to it”). When describing the strength of the private interest at stake in his procedural due process claim, Bowman repeatedly characterizes it as his “property interest” and refers to the IRS sanction as suspension not from tax preparation, but rather from representing “all individuals, businesses, and estates before the IRS.” Compl. at 13-14. And, as noted above, Bowman identifies his Bivens claim as “being suspended indefinitely as an Enrolled Agent” without due process. Id. at 17. Even construing the complaint liberally, as we must, it.contains nothing resembling the claim amicus asserts.
Amicus also argues that Bowman was barred from preparing taxes from the moment of his suspension decision in 2006 because the definition of “practice before the IRS” is capacious enough to include tax preparation. Amicus Br. 36; Oral Arg. Rec. 6:23-7:14. But again, and construing the complaint liberally, we can find no basis for that argument in the complaint, which lacks any claim that Defendants prevented Bowman from preparing taxes. The argument is also foreclosed by our decision in Loving, which explains that “tax-return preparers do not practice before the IRS when they simply assist in the preparation of someone else’s tax return.” 742 F.3d at 1018.
Because the sole theory alleged in Bowman’s complaint — that Defendants deprived him of a property interest in his enrolled-agent status without due process — cannot survive Defendants’ Rule 12(b)(6) motion to dismiss, we affirm.

So ordered.